[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 12-10677 & No. 12-10913
Non-Argument Calendar

_____

D.C. Docket Nos. 4:10-cr-10026-KMM-1,
4:10-cr-10025-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNESTO GRIMON,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 24, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Ernesto Grimon appeals his 33-month sentence, imposed by the district

court after he pled guilty to conspiring to possess oxycodone with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("the oxycodone case"); and counterfeiting, in violation of 18 U.S.C. §471 ("the counterfeiting case"). On appeal, Grimon argues that his sentence is procedurally and substantively unreasonable because the district court failed to consider the factors listed in 18 U.S.C. § 3553(a) before it ordered that his federal sentence run consecutively to, rather than concurrently with, his undischarged state sentence. Finding no reversible error on the part of the district court, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion[1] standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record. *United States v. Suarez*, 601 F.3d 1202, 1223 (11th Cir. 2010). First, we must determine whether the district court committed any significant procedural error, including failing to consider the § 3553(a) factors. *United States v. Bradley*, 644 F.3d 1213, 1303–04 (11th Cir.

---

[1]The United States contends that this Court should apply a plain error standard of review because Grimon failed to object to the alleged procedural flaws—specifically the district court's failure to consider the § 3553(a) factors—at either of the resentencing hearings. While it is true that Grimon did not object, even when asked by the district court, he did explicitly state at both resentencing hearings that he intended to appeal the district court's ruling. To date, this Court has not yet issued a published opinion that establishes the appropriate standard of review for reasonableness under these specific circumstances. Nonetheless, the resolution of the standard of review issue does not affect our reasonableness analysis or the ultimate outcome of this case.

2011), *cert denied*, 132 S. Ct. 2375 (2012).  Although the district court must consider the § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the factors or discuss each one individually.  *United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010).

If we find that the sentence is procedurally reasonable, we must then determine whether the sentence is substantively reasonable under the totality of the circumstances, including whether the § 3553(a) factors actually support the sentence at issue.  *United States v. Barrington*, 648 F.3d 1178, 1203 (11th Cir. 2011), *cert denied*, 132 S. Ct. 1066 (2012).  Generally, we do not second-guess the weight that the district court gave a certain factor.  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).  This Court will only reverse a sentence as substantively unreasonable if we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors, such that the sentence at issue falls outside of the range of reasonable sentences dictated by the facts of the case.  *United States v. Irey*, 612 F. 3d 1160, 1190 (11th Cir. 2010) (en banc).  Although there is not an explicit presumption, usually a sentence within the Sentencing Guidelines range is expected to be reasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

3

The district court also has the discretion to order that a federal sentence run concurrently with an undischarged state sentence. *See* 18 U.S.C. § 3584(a); *United States v. Fuentes*, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997); U.S.S.G. § 5G1.3(c) (2010). Generally, when determining whether a sentence should run concurrently with or consecutively to another sentence, the district court is mandated to consider the factors set forth in § 3553(a). 18 U.S.C. § 3584(b). As a policy matter, unless the Sentencing Guidelines require otherwise, the district court may choose to impose a concurrent or consecutive sentence in order to achieve a reasonable punishment for the offense. U.S.S.G. § 5G1.3(c). Additionally, when applying § 5G1.3(c), the district court should also consider: (1) the type and length of the prior undischarged sentence; (2) the time served on the undischarged sentence and the time likely to be served before release; (3) whether the undischarged sentence was imposed in state court; (4) the time at which the undischarged sentence was imposed; and (5) any other circumstances relevant to the court's decision. U.S.S.G. § 5G1.3, cmt. n.3(A).

Although its discussion was terse, the district court set forth enough information in the oxycodone case to demonstrate that it considered the § 3553(a) and other requisite factors when it ordered that Grimon's federal sentence run consecutively to his undischarged state sentence. During the colloquy, the district

4

court questioned Grimon's attorney as to the effect that imposing a concurrent sentence would have on the total time that Grimon would be incarcerated; considered Grimon's statement that he had learned his lesson during the time already spent in prison and that he desired to watch his grandchildren grow up; and explicitly stated that it imposed a consecutive sentence based on Grimon's criminal history. This colloquy illustrates that the district court considered Grimon's criminal history and characteristics, the need for adequate deterrence, the kinds of sentences available, and the time that Grimon was likely to serve before his release. 18 U.S.C. §§ 3553(a)(1), (2)(B), (3); U.S.S.G. § 5G1.3, cmt. n.3(A)(iii). Thus, although the district court did not explicitly state that it considered the § 3553(a) factors or discuss each of the factors individually, the record indicates that the district court sufficiently considered the § 3553(a) and § 5G1.3 factors in order to establish procedural and substantive reasonableness and support the determination that Grimon's federal sentence should run consecutively to his undischarged state sentence.

The district court also set forth enough information in the counterfeiting case to establish that it considered the § 3553(a) factors. Although the district court did not explicitly set forth the factors that it considered, it nonetheless explicitly referenced Grimon's sentence in the oxycodone case. Moreover, when

5

questioned during the colloquy, Grimon affirmed that the district court had made itself and its reasoning "unambiguously clear" in the oxycodone case when it determined that it would not order his federal and undischarged state sentences to run concurrently.  The district court further explained that it did consider a concurrent sentence appropriate "under the circumstances."  This colloquy demonstrates that the district court's basis for its decision not to impose a concurrent sentence mirrored the same reasoning that it discussed in the oxycodone case, which the district court adequately supported with a consideration of the § 3553(a) and § 5G1.3 factors.

Ultimately, because the district court considered the § 3553(a) factors before it ordered that Grimon's federal sentence run consecutively to his undischarged state sentence, Grimon's sentence withstands the tests for procedural and substantive reasonableness.  Accordingly, we affirm the district court's ruling.

**AFFIRMED.**

6